## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

WILLIAM HASTINGS, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS;
SHERRIE DAIGLE, in her official capacity;
DEAN WILLIAMS, in his official capacity,

      Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff William Hastings ("Mr. Hastings"), by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, on behalf of himself and all others similarly situated, submits his Complaint and Jury Demand ("Complaint") as follows:

### NATURE OF THE ACTION

1.      This action is brought on behalf of all criminal investigators and individuals holding comparable positions with different titles (collectively "Criminal Investigators" or, when used in the singular, "Criminal Investigator") employed by the Colorado Department of Corrections, including those assigned to the Executive Protection Unit, acting through Sherrie Daigle and Dean Williams (collectively "Defendants") or any other individual, within the last three years plus any period of tolling.

2.      This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Mr. Hastings alleges that Defendants violated the FLSA,

29 U.S.C. §§ 201 *et seq.*, by failing to pay Criminal Investigators overtime compensation for all hours worked over forty (40) in any single workweek. Specifically, Mr. Hastings alleges that Defendants failed to properly compensate Criminal Investigators for time during which they were on call in the course and scope of their employment.

## PARTIES

3.      Mr. Hastings is an adult individual domiciled and residing in Florence, Colorado.

4.      Mr. Hastings has been, and remains, employed by Defendants as a Criminal Investigator. Mr. Hastings is assigned to the Colorado State Penitentiary in Cañon City, Colorado.

5.      The Colorado Department of Corrections (the "DOC") is the State of Colorado's department operating the State's prisons and, through the DOC's Division of Inspector General, investigates security, safety, and criminal matters within the State's correctional facilities.

6.      During the liability period, Sherrie Daigle ("Ms. Daigle") was the DOC's Inspector General. As Inspector General of DOC, Ms. Daigle oversaw the pay practices and staffing decisions of Criminal Investigators. The DOC's Division of Inspector General oversees an annual departmental budget of over five million dollars. Ms. Daigle is sued herein in her official capacity. On information and belief, Ms. Daigle has recently left her employment with the DOC.

7.      Dean Williams ("Mr. Williams") is the DOC's Executive Director. As Executive Director of the DOC, Mr. Williams ultimately oversees the pay practices and staffing decisions of the DOC. More generally, Mr. Williams oversees DOC's annual budget of approximately one-quarter of a billion dollars. Mr. Williams is sued herein in his official capacity.

## JURISDICTION AND VENUE

8.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331

because Mr. Hastings alleges a claim under the FLSA.

9.      The DOC is subject to personal jurisdiction in Colorado because it is based and operates facilities in this State and because the acts and omissions alleged herein occurred in this State.

10.     Ms. Daigle and Mr. Williams are subject to personal jurisdiction because they are domiciled in this State and because the acts and omissions alleged herein occurred in this State.

11.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because the acts and omissions alleged herein occurred in this District.

<u>**STATEMENT OF FACTS**</u>

12.     Mr. Hastings has been employed by Defendants as a Criminal Investigator from on or about August 1, 2016 through the present. Prior to his service as a Criminal Investigator, Mr. Hastings was employed by the DOC as a parole officer from on or about March 8, 2010. Before joining the DOC, Mr. Hastings was a POST-certified police officer since 1993.

13.     Like other Criminal Investigators, Mr. Hastings's primary job duty involves responding to incidents that occur at the DOC's facilities, primarily prisons. For example, if there is drug smuggling from a visitor to an inmate, if one inmate sexually accosts another inmate, or if there is a murder, Criminal Investigators are called in to investigate.

14.     Defendants classify Criminal Investigators as non-exempt from applicable wage and hour laws.

15.     Defendants pay Criminal Investigators a set amount each pay period. However, when Criminal Investigators work fewer than forty (40) hours in a workweek, their pay is docked, or they are required to use paid time off.

16.     While employed by Defendants, Mr. Hastings has routinely worked more than forty (40) hours per workweek. Specifically, in addition to the typical forty (40) hours per workweek, Mr. Hastings has frequently been required to be on call from the end of one shift through the beginning of the next shift.

17.     During this on-call time, Mr. Hastings must promptly respond to frequent calls, many of which require travel to DOC's facilities to meet with the reporting parties, inmates, and correctional officers involved in the incidents. For example, during the pay period of January 2, 2021 through January 15, 2021, Mr. Hastings was on call (between January 5, 2021 and January 11, 2021) for 88.25 hours. During the pay period of August 14, 2021 through August 27, 2021, Mr. Hastings was on call (between August 10, 2021 and August 16, 2021) for 92.75 hours. During the pay period of March 12, 2022 through March 25, 2022, Mr. Hastings was on call (between March 8, 2022 and March 14, 2022) for 89.00 hours.

18.     While working on call, Mr. Hastings, like other Criminal Investigators, must be promptly available to confer with DOC inmates and employees and be geographically proximate to the facility to which he is assigned. These requirements prohibit Mr. Hastings and other Criminal Investigators from using the on-call time for their own purposes. They are not free to engage in personal activities such as going to the movies, going out for dinner, and consuming alcohol. While on call, Mr. Hastings must be able to respond within minutes.

19.     During his on-call work, Mr. Hastings's time is controlled by Defendants, and he is not completely and specifically relieved from all duty. Such on-call time is an essential part of his job and requires the expenditure of significant physical and/or mental energy. Mr. Hastings has typically been contacted at least once per on-call shift, and often more frequently than that.

20.     While on call, Mr. Hastings is issued, and must use, a State-owned vehicle, State-owned cellular telephone, and State-owned firearm.

21.     On-call time is not optional. To the contrary, the DOC requires that Mr. Hastings and other Criminal Investigators be assigned such on-call time. This requirement is set forth both verbally and in writing, including in Criminal Investigators' performance plans.

22.     The DOC maintains a minimal staffing level of Criminal Investigators which has created the need for Criminal Investigators to be assigned on-call shifts.

23.      Defendants, however, failed to properly pay Mr. Hastings for his work over forty (40) hours per workweek, much less at the proper overtime rate, in violation of the FLSA.

24.     Because Criminal Investigators typically work forty (40) hours per workweek *not including any on-call time*, any such on-call time requires compensation at the applicable overtime rate.

25.     Upon information and belief, other Criminal Investigators routinely worked, and continue to work, over forty (40) hours in multiple workweeks. Defendants have failed to pay for this time in violation of the FLSA.

26.     Defendants have in place inadequate timekeeping methods for tracking and recording the time Criminal Investigators spend on call. Specifically, Defendants do not adequately track Criminal Investigators' on-call work.

27.     Defendants' violations of the FLSA were not in good faith. Defendants know that Criminal Investigators work after hours frequently. Additionally, Defendants are well aware of their legal obligation to pay overtime compensation because, among other things, Defendants have been sued on multiple occasions for not properly paying overtime to DOC employees and because

the United States Department of Labor has repeatedly found Defendants to be liable for violations of applicable overtime requirements.

## COLLECTIVE ACTION ALLEGATIONS

28.     Mr. Hastings seeks to prosecute this FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed as Criminal Investigators at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a workweek (the "Collective").

29.     Mr. Hastings will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Mr. Hastings has no interest contrary to or in conflict with the members of the Collective.

30.     The members of the Collective are similarly situated because, among other things, they were all victims of the same DOC-wide policies and procedures that failed to pay them all the wages, and at the correct overtime rate, to which they are entitled under the FLSA.

## CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION
### *(Against All Defendants)*

31.     Mr. Hastings incorporates by reference all preceding paragraphs of this Complaint.

32.     At all relevant times, Defendants have been, and continue to be, employers within the meaning of the FLSA.

33.     At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

34.     Pursuant to Section 3(s)(1)(C), the FLSA covers all public agency employees of

state governments and their political departments/divisions. Pursuant to 29 C.F.R. § 541.3(b)(1), the FLSA applies to investigators like Mr. Hastings and other Criminal Investigators.

35.    Mr. Hastings consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Mr. Hastings's written consent is attached as Exhibit 1.[1]

36.    At all relevant times, Defendants had a policy and practice of failing to pay Criminal Investigators overtime compensation for all hours worked in excess of forty (40) hours per workweek, specifically by failing to properly compensate Criminal Investigators for on-call time they are/were required to work and for lunch breaks they are/were not permitted to take without interruption. Such time is compensable under the FLSA.

37.    As a result of Defendants' willful failure to properly compensate their employees, including Mr. Hastings and the Collective Action members, Defendants have violated and continue to violate the FLSA.

38.    Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

39.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

40.    Due to Defendants' FLSA violations, Mr. Hastings, on behalf of himself and the Collective, is entitled to recover from Defendants unpaid overtime compensation, actual and liquidated damages, FICA, FUTA, PERA payments, state unemployment insurance, and any other

---

[1] In addition to Mr. Hastings, 12 other Criminal Investigators have already consented in writing to be parties to this action. Their consents are filed herewith.

required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Mr. Hastings, on behalf of himself and all other members of the Collective, respectfully requests this Court grant the following relief:

    a.   Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of this FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), tolling of the statute of limitations, and appointing Mr. Hastings and his counsel to represent the Collective;

    b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    c.   An award of overtime compensation due under the FLSA;

    d.   An award of liquidated and/or statutory penalties as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    e.   An award of damages representing FICA, FUTA, PERA payments, state unemployment insurance, and any other required employment taxes;

    f.   An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

    g.   An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

    h.   Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Mr. Hastings hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 21st day of November, 2022.

*/s/ Andrew E. Swan*
Michael D. Kuhn
Casey J. Leier
Andrew E. Swan
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek North Drive, Suite 710
Denver, Colorado 80209
Telephone:  (720) 699-3000
Email:      mkuhn@ll.law
              cleier@ll.law
              aswan@ll.law

*Attorneys for Plaintiff*
