**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 1:22-cv-03025-RMR-SBP

WILLIAM HASTINGS, MIKE BARNETT, CHRISTOPHER BARR, JOSH BLEVINS, JOHN BRADBURN, SETH BRUNELL, WILLIAM CLASPELL, JOSEPH COLPITTS, SHAYNE COREY, DARREN CORTESE, ADAM CUMMINGS, HEATHER DELAURENTIS, DANIEL GEARHART, AVA MARIE HEATH, JACOB HERRERA, MATTHEW HERRERA, ANDREW LANGDON, MYRA LANGLOIS, JAMES LUSK, MARK MYERS, STACEY PRAY, MANUELA REISING, MICHAEL SANCHEZ, MAUREEN SHERIDAN, and GARY SPANGLER,

Plaintiffs,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
DANNY LAKE, in his official capacity,
MOSES “ANDRE” STANCIL, in his official capacity,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the parties’ Joint Motion for Approval of Settlement, ECF No. 140. For the reasons stated below, the Motion is GRANTED.

## I. BACKGROUND[1]

Plaintiffs are twenty-five current or former Colorado Department of Corrections (“DOC”) Criminal Investigators. They allege Defendants violated the Fair Labor Standards Act (“FLSA”) by failing to pay overtime compensation for time during which Plaintiffs were

[1] The background is drawn from the parties’ Motion, ECF No. 140 at 2-5, and First Amended Complaint, ECF No. 134-1.

on call in the course and scope of their employment. During the time period at issue, Criminal Investigators generally served weeklong on-call periods approximately once every five or six weeks. While on call, Criminal Investigators were required to receive or return after-hours calls concerning incidents at DOC facilities, some of which required a physical response. The parties dispute whether these requirements restricted Plaintiffs' ability to use their on-call time for personal purposes to such an extent that it rendered that time compensable under the FLSA.

The parties' extensive discovery during this case included written discovery, twenty-seven depositions, and expert disclosures. On August 5, 2025, the Court denied Defendants' motion for summary judgment. ECF No. 115. Despite vigorous dispute between the parties as to whether the conditions of the on-call time rendered it compensable under the FLSA, the parties participated in mediation and reached an agreement in principle.

The proposed settlement, which was approved by the Colorado State Claims Board on September 2, 2026, provides for a total payment of $1.5 million, inclusive of disputed wages, liquidated damages, a $15,000 service payment to Plaintiff William Hastings, and attorneys' fees and costs. The individual settlement amounts are allocated among the 25 Plaintiffs. In exchange, Plaintiffs will release the claims asserted in this action, including any FLSA claims through the effective date of the Settlement Agreement, and the case will be dismissed with prejudice without any admission of liability by Defendants. The parties jointly seek approval of the settlement and its proposed allocations.

## II. ANALYSIS

As the parties point out, there is disagreement within the Tenth Circuit and in the District of Colorado regarding whether FLSA settlements require Court approval. *See Logan v. United Am. Sec., LLC*, No. 21-CV-00257-NYW, 2022 WL 2966857, at *2 (D. Colo. July 27, 2022) ("Neither the Supreme Court nor Tenth Circuit has addressed whether a court must approve a settlement agreement under the FLSA, and there is a split of authority within the District of Colorado on this issue.") (internal citations omitted). However, "there does not appear to be disagreement at this time over whether FLSA settlements may be approved by" a court. *Slaughter v. Sykes Enters., Inc.*, No. 17-cv-02038-KLM, 2019 WL 529512, at *2–6 (D. Colo. Feb. 11, 2019).

The parties in the instant action affirmatively seek court approval of their Settlement Agreement, so the Court considers the traditional factors for determining whether to approve the settlement agreement: whether (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *See Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Court addresses each factor below.

### A. Bona Fide Dispute

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1172 (D. Colo. 2018) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d

1227, 1234 (M.D. Fla. 2010)); *Baker*, 2014 WL 700096, at *1. To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* (citing *Collins v. Sanderson Farms, Inc*., 568 F. Supp. 2d 714, 718 (E.D. La. 2008)). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.*

The parties have provided sufficient information in support of their assertion that a bona fide dispute exists. They describe the nature of the Criminal Investigators' work with DOC and the on-call program at issue. ECF No. 140 at 1-3. They also explain the dispute over the practical effects of the on-call policy and whether the resulting restrictions on Plaintiffs' personal activities rendered their on-call time compensable under the FLSA. *Id.* at 7-8. These factual and legal disputes are further developed in the parties' summary judgment briefing and it is clear that the issues in this case were vigorously contested. Accordingly, the Court is satisfied the agreement resolves a bona fide dispute.

**B. Fair and Equitable**

The Court next determines whether the proposed settlement is fair and equitable. *Baker*, 2014 WL 700096, at *2. In making this determination, the Court considers: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.* Upon consideration of these factors, the Court finds the proposed settlement is fair and equitable.

First, the parties jointly represent that the proposed settlement was the result of extensive, arms' length negotiations involving experienced counsel. ECF No. 140 at 8. Moreover, the parties required several months of negotiation and a full-day mediation involving a highly experienced mediator to reach a resolution in this case. *Id.* at 8-9. Second, the law governing this dispute requires a highly individualized and fact-specific inquiry. *Id.* at 9-11. Indeed, in its Order denying Defendants' motion for summary judgment, the Court concluded that "[g]iven the amount of material factual disputes at issue," the determination whether the on-call time was spent predominantly for the benefit of DOC or Plaintiffs was "most appropriate for the jury to conduct." ECF No. 115 at 6. The parties therefore believe that "continued litigation presents meaningful risk to both sides: Plaintiffs had sufficient evidence to require a trial, but Defendants retained substantial factual and legal arguments on which a jury could conclude that the on-call restrictions did not render the entirety of Plaintiffs' on-call time compensable." ECF No. 140 at 11. Third, the parties agree that "this settlement provides a substantial and certain present recovery while avoiding the additional time and expense associated with a trial, potential post-trial motions, and any appeal." *Id.* Finally, the parties' counsel believe the settlement fairly resolves the dispute. *See Marcus v. Kansas Dept. of Revenue*, 209 F.Supp.2d 1179,

1183 (D. Kan. 2002) ("Counsels' judgment as to the fairness of the agreement is entitled to considerable weight.").

The Court also considers whether the Settlement Agreement undermines the purpose of the FLSA, "which is to protect employees' rights from employers who generally wield superior bargaining power." *Morton v. Transcend Servs., Inc.*, No. 15-cv-01393-PAB-NYW, 2017 WL 977812, at *2 (D. Colo. Mar. 13, 2017). Factors that might cause a court to reject a settlement include (1) the presence of other employees similarly situated to the claimant, (2) a likelihood that the claimants' circumstances will recur, and (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region. *Id.* (citing *Dees*, 706 F. Supp. 2d at 1244).

Here, the twenty-five Plaintiffs represent the majority of investigators who worked on-call shifts during this time period. ECF No. 140 at 12. Any similarly situated individual who did not join this action will not release claims against the DOC. *See Aguilar v. Pepper Asian Inc.*, No. 21-cv-02740-RM-NYW, 2022 WL 408237, at *3 (D. Colo. Feb. 10, 2022) (citing *Morton*, 2017 WL 977812, at *2) (explaining that settlement agreement does not undermine purposes of FLSA where the settlement agreement covers only the plaintiffs' claims and does not affect the rights of any other employees). Moreover, because the DOC is a state agency, the terms of the settlement are a matter of public record under the Colorado Open Records Act. Thus, to the extent similarly situated employees do not know about this litigation and Plaintiffs' claims, the public availability of the settlement permits other employees to learn of the allegations. Given the circumstances, the Court

does not find that the proposed Settlement Agreement would undermine the purpose of the FLSA.

**C. Attorneys' Fees and Costs**

The Court next considers whether the amount provided for in the Settlement Agreement for Plaintiffs' attorneys' fees is reasonable. The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee ... and costs of the action." 29 U.S.C. § 216(b); *see also Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). Though the fee is mandatory, the Court must determine whether the amount sought is reasonable. Defendants take no position on the request for attorneys' fees and costs, and Plaintiffs represent that the fees are reasonable under either the lodestar or common fund approach.

"In common fund cases, courts in this circuit may calculate a reasonable attorney's fee using either the percentage of the fund method or the lodestar method." *Faulkner v. Ensign U.S. Drilling Inc.*, No. 16-cv-03137-PAB-KLM, 2020 WL 550592, at *3 (D. Colo. Feb. 4, 2020) (Brimmer, C.J.). Although this case does not involve a collective action or plaintiff class who will all obtain a benefit from a "common fund," *see Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994), the Court nevertheless finds that the percentage-of-the-fund method supports approval of the proposed award of attorneys' fees and costs as reasonable and finds that a crosscheck with the lodestar method further supports the award.

1. Percentage Method

The parties' proposed Settlement Agreement provides for an award of $600,000 in attorneys' fees and reimbursement of up to $30,000 in litigation costs. ECF No. 140 at 14. The $600,000 fee award represents 40% of the award, which is the percentage specified in counsel's fee agreement. This percentage is not atypical. *See, e.g.*, *Vaszlavik v. Storage Technology Corp*., 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%–50% range and is presumptively reasonable."); *Davis*, 292 F. Supp. 3d at 1174 (finding award equal to thirty-seven percent of gross settlement amount to be "well within the normal range for a contingent fee award"); *Koehler v. Freightquote.com, Inc.*, 2016 WL 3743098, at *7 (D. Kan. July 13, 2016) (approving fee award amounting to thirty-three percent of the common fund); *Barbosa v. Nat'l Beef Packing Co., LLC,* No. CIV.A. 12-2311-KHV, 2015 WL 4920292, at *11 (D. Kan. Aug. 18, 2015) (finding that fee award, which equaled thirty-three percent of the total settlement amount, was "within the customary percentage of the fund approved" by the court). The Court finds that the percentage fee award to Plaintiffs' counsel is reasonable given the time and labor involved, the complexity of the dispute, the experience of Plaintiffs' counsel, the fact that the percentage fee was prearranged, the comparative reasonableness of the award amount in similar cases, and the positive results for Plaintiffs.

2. <u>Lodestar Crosscheck</u>

"Courts evaluating the reasonableness of a percentage fee award will often crosscheck the requested fee with the lodestar amount." *Faulkner*, 2020 WL 550592, at *6. "[W]hen 'the lodestar method is used as a mere crosscheck of the percentage method,

the court does not need to scrutinize exhaustively the hours documented by counsel.'" *Id.* at *6 n.6 (quoting *Brody v. Hellman*, 167 P.3d 192, 204 (Colo. App. 2007)).

Upon review of the declaration of Plaintiffs' counsel, Casey J. Leier, the Court further confirms that the request for fees and costs is reasonable. *See* ECF No. 140-5. Plaintiffs' three counsel of record bring a combined forty-plus years of experience practicing law in Colorado. *Id.* ¶¶ 2-3. Plaintiffs retained the firm on a wholly contingent basis with the understanding that 40% was the agreed-upon rate for a successful outcome. *Id.* ¶¶ 4-5. The matter went on for nearly four years, reached the trial preparation phase, and was highly contested. *Id.* The time records reflect 696 hours of attorney time over nearly four years, which involved extensive written discovery, twenty-seven depositions, and summary judgment briefing. *Id.* ¶¶ 8-13. The Court finds the number of hours reasonable.

Plaintiffs argue that a rate of $650 per hour is a reasonable rate. ECF No. 140 at 20. Courts in this District have found comparable rates reasonable in FLSA actions like this one. *See, e.g., Prim v. Ensign United States Drilling, Inc.,* No. 15-cv-02156-PAB-KMT, 2019 WL 4751788, at *7 (D. Colo. Sept. 30, 2019) ("The Court has previously found that an $600 hourly rate charged by class counsel was generally consistent with the rates charged in this district.") (citing *Aragon v. Clear Water Prods. LLC*, No. 15-cv-02821-PAB-STV, 2018 WL 6620724, at *7 (D. Colo. Dec. 18, 2018)); *Shaw v. Interthinx, Inc.*, No. 13-CV-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Apr. 22, 2015) (approving hourly rates ranging from $150 to $675 per hour for attorneys and staff members involved in litigation). The court finds that the $650 rate charged by Plaintiffs' counsel, given their experience, is reasonable and fair.

Counsel reports a lodestar of $442,692.50 based on the recorded hours and counsel's current hourly rates. ECF No. 140-5 ¶ 15. The requested $600,000 fee represents approximately 1.36 times that amount. The 1.36 multiplier appears to be in the range found reasonable within this District and Circuit. *See, e.g.*, *Aguilar*, 2022 WL 408237, at *6 (finding 2.4 multiplier reasonable); *Prim v. Ensign United States Drilling, Inc.,* 2019 WL 4751788, at *7 (finding 2.34 multiplier reasonable); *In re Miniscribe Corp*., 309 F.3d 1234, 1245 (10th Cir. 2002) (finding no error in 2.57 multiplier); *Mishkin v. Zynex*, Inc., No. 09-cv-00780-REB-KLM, 2012 WL 4069295, at *2 (D. Colo. Sept. 14, 2012) (collective cases from this district ranging from a 2.5 multiplier to a 4.6 multiplier).

3. <u>Costs</u>

Plaintiffs also seek to recover up to $30,000 in costs, a flat amount the parties negotiated as part of the settlement agreement. "Expenses are compensable in a common fund case if the particular costs are the type typically billed by attorneys to paying clients in the marketplace." *Brody*, 167 P.3d at 205-06 (citing *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty*., Okla., 8 F.3d 722, 725-26 (10th Cir. 1993) ). Here, the requested costs are for expert witness fees, filing fees, deposition transcripts and videography, and mediation fees. ECF No. 140-5 ¶¶ 17-18. Plaintiffs' counsel avers each category of cost was necessary to prosecute the case. The Court concludes that these are the type of costs normally billed to clients. *See In re Crocs, Inc.* Sec. Litig., No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *5 (D. Colo. Sept. 18, 2014) (finding fees for computer research, investigation, and experts/consultants to be "of the type normally billed to clients"). The Court also finds that there have been no objections to counsel's

request for costs and that the costs are reasonable given the nature and duration of this lawsuit. *See Shaw*, 2015 WL 1867861, at *8 (awarding $62,388.58 in litigation expenses in wage-and-hour class action lawsuit).

**D. Service Payment**

Finally, the Court considers whether the proposed $15,000 service payment to lead Plaintiff William Hastings is reasonable. "The reasonableness of a service award to a named Plaintiff is not generally listed as a factor to consider when deciding whether to approve a settlement." *Thompson v. Qwest Corp.*, No. 17-cv-1745-WJM-KMT, 2018 WL 2183988, at *3 (D. Colo. May 11, 2018). However, "reasonable incentive payments have become common for class representatives, and, apparently by analogy, for FLSA named plaintiffs as well." *Id.* (internal quotation marks and citations omitted). The reasonableness of a service award is determined by considering: "(1) the actions that the class representative took to protect the interests of the class; (2) the degree to which the class has benefited from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation." *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *6 (D. Colo. Dec. 22, 2010).

Here, Mr. Hastings put his name on this lawsuit against his employer while still employed and for nearly four years served as the point of contact between his counsel and twenty-four co-plaintiffs and participated in gathering payroll and on-call records, sitting for deposition, and participating in both settlement conferences. ECF No. 140 at 13. The parties maintain this is reasonable and no Plaintiff has objected to this service

award. *Id.* As one percent of the $1,500,000 fund, the Court finds the requested award reasonable.

## III. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1) The Motion, ECF No. 140, is GRANTED;

2) The individual settlement allocations reflected in Exhibit A are APPROVED;

3) The $15,000 service payment to William Hastings is APPROVED;

4) The allocation of $600,000 for Plaintiffs' attorneys' fees is APPROVED;

5) The allocation of $30,000 for Plaintiffs' litigation costs is APPROVED; and

6) The parties are DIRECTED to file appropriate dismissal papers within thirty (30) days of this Order.

DATED: October 6, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court